IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO A. CRISOSTOMOS, | : | CIVIL ACTION NO. 1:CV-10-0789 |
| Petitioner, | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| HOMELAND SECURITY AGENCY, et al., | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural History.**

On April 14, 2010, Petitioner, Pedro Crisostomos, while a prisoner at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntington"), filed, *pro se*, a seven-page Habeas Corpus Petition pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attached three (3) exhibits to his Habeas Petition. (*Id.*) On April 16, 2010, the Court issued a Show Cause Order to Respondents. (Doc. 3). Named as Respondents are Homeland Security Agency, Immigration and Customs Enforcement Agency ("ICE"), and the United States Attorney General. On May 6, 2010, Respondents filed a Response to the Habeas Corpus Petition, with exhibits. (Doc. 7). On May 20, 2010, Petitioner filed a Reply to the Respondents' Response and a Petition for a Writ of *Ne Exeat* (or Motion to Stay Removal) requesting that the Court prohibit Respondents from deporting him until his Habeas Petition is decided.[1] (Doc. 8, Reply and Doc. 9, Petition for Writ of *Ne Exeat*).

**II. Factual Background.**

Petitioner is a native and citizen of the Dominican Republic. Petitioner entered the United States on June 19, 1982, as a Child of a Lawful Permanent Resident. (Doc. 7, Ex. A, Record of Deportable/Inadmissible Alien). At no time did Petitioner ever adjust his status to become a United States citizen.

---

[1] To date, Respondents have not yet filed a response to Petitioner's Motion to Stay.

-1-

Petitioner has a criminal record dating back to May 15, 1991, which includes four different state convictions.[2] More recently, on November 14, 2005, petitioner plead guilty to four counts of Delivery of Cocaine and one count of Conspiracy to Deliver Cocaine in York County, Pennsylvania. (Doc. 7, Ex. C, Sentencing Transcript, at 1-3). Petitioner was sentenced to five to ten years incarceration, costs, and restitution. (*Id*.).

On October 27, 2006, ICE commenced removal proceedings against Petitioner by issuing a Notice to Appear (Doc. 7). (Ex. D). On November 7, 2007, the Immigration Judge ("IJ") issued an Oral Decision of the Court. (Doc. 7, Ex. E). The IJ found Petitioner removable under INA Section 237 (a)(2)(A)(iii), namely, that Petitioner was convicted of an aggravated felony. (*Id*. at 4). Further, the IJ found that Petitioner's conviction for aggravated felony rendered him ineligible for cancellation of removal. (*Id*.). The IJ also found that Petitioner was removable under Section 237 (a)(2)(B)(i), since he was convicted of a drug offense. (*Id*. at 4). On November 7, 2007, the IJ issued a Removal Order directing that Petitioner be removed from the United States to the Dominican Republic. (Doc. 7, Ex. F).

Petitioner appealed the Removal Order to the Board of Immigration Appeals ("BIA"). (*Id*., Ex. G). On February 26, 2008, the BIA issued an Order dismissing Petitioner's appeal. (*Id*. at 1). Accordingly, the Petitioner's Order of Removal became administratively final on February 26, 2008.

Kent J. Frederick, Chief Counsel for the Philadelphia Office of ICE, avers that on April 29, 2010, he searched the Enforce Alien Removal Module ("EARM"), ICE's database for tracking the detention status of illegal aliens in the United States. (Doc. 7, Ex. H, Declaration of Kent J. Frederick). Frederick avers that EARM indicated that Petitioner was serving his state sentence in SCI-Huntingdon with an early release date set for May 20,

---

[2] *See* Doc. 7, Ex. A, Record of Deportable/Inadmissible Alien, at 2 and 3. *See also* Ex. B, Certificate of Disposition. See also Doc. 7 at pp. 3 and 4.

2010.³  At the time Petitioner completes service of his state court sentence, he is to be released into ICE custody.⁴ (*Id.*)

In his Reply to Respondents' Response, Petitioner states that on May 20, 2010, he was paroled on his state sentence into the custody of Homeland Security, and that he was being held for "pick-up" by Homeland Security. (Doc. 8, p. 2).  Petitioner states that since he "has made parole [he] should have been released to his family in York[,] Pennsylvania months ago." (Doc. 8, p. 2).  Petitioner argues that ICE's detainer "is an abuse."  (*Id.*).⁵

### III. Claims of Habeas Petition.

Petitioner essentially claims that because he was granted parole on his state sentence, it is unconstitutional that he be held in ICE custody.  Petitioner claims that when he was paroled, he should have been released back into the community.  According to Petitioner, if ICE wishes to keep him in custody after he is paroled, ICE may not do so until a hearing is conducted.  Because no hearing has been held, Petitioner further claims that his Fifth Amendment due process rights have been violated.

As relief, Petitioner requests as follows:

> Petitioner respectfully requests that This Honorable Court order the "ICE" agency to physically take Petitioner from the state prison in Huntingdon, Pa., and to transport Petitioner to an "ICE" detention center.

---

³*See* Doc. 1, second exhibit, March 11, 2010 Decision of PA Board of Probation and Parole.  The Board stated that Petitioner was "paroled on or after May 20, 2010 upon completion of violence prevention to [ICE] detainer . . ."

⁴ At this time, no additional information was submitted by Respondents as to whether Petitioner had been paroled on May 20, 2010, as scheduled, and if so, if Petitioner is now in the custody of ICE.

⁵On June 1, 2010, the undersigned's office checked with SCI-Huntingdon as to Petitioner's present place of confinement, and this prison revealed that Petitioner is presently housed at SCI-Huntingdon awaiting approval of his parole by the PA Board of Probation and Parole.  Thus, it appears as though Petitioner is still in custody on his state sentence and that he has not yet been taken into ICE custody pursuant to ICE's detainer.

> Further Petitioner requests that This Court allow the Petitioner to be offered a bail hearing once Petitioner is detained in an "ICE" detention center.

(Doc. 1, p. 7).

## IV. Discussion.

Initially, we agree with Respondents that Petitioner named the wrong Respondents. As Respondents, Petitioner names Homeland Security Agency, Immigration and Customs Enforcement, and the United States Attorney General. (Doc. 1). In a habeas petition, the writ "[s]hall ... name the person who has custody over him." 28 U.S.C. § 2242. Additionally, "[t]he writ ... shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.[6]

At the time Petitioner filed his Habeas Petition, on April 14, 2010, he was still serving his state prison sentence. At that time, the person that had custody over Petitioner was the Warden of the State Correctional Institution at Huntingdon, Pennsylvania. Also, as noted, it seems that Petitioner is still in the custody of the SCI-Huntingdon Warden.

In any event, since Petitioner was to be paroled on his state sentence on May 20, 2010, and taken into ICE custody, we do not recommend that his Habeas Petition be dismissed for naming the wrong Respondents. We also will not recommend that the Habeas Petition be denied based on the fact that when Petitioner filed his Petition, he was still serving his state sentence and he was not yet in ICE custody, since it appears that Petitioner will soon be in ICE custody. In fact, as stated, Petitioner contends that as of May 20, 2010, he was in ICE's custody and was "being held for pick-up" by ICE. (Doc. 8, p. 2).

In *Maphorisa v. District Director, ICE*, 2010 WL 598451, *2 (M.D. Pa.), the Court stated:

> At this point in time, Mr. Maphorisa is *not* in ICE custody. He is serving a Philadelphia Court of Common Pleas criminal sentence and not incarcerated based upon ICE's detainer. The Third Circuit Court of Appeals has found that a prisoner who is serving a criminal sentence is not "in custody" simple because ICE has lodged a detainer against

---

[6] *See Yi v. Maugins*, 24 F. 3d 500, 507 (Pa. 1994). *See also Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

> him. *See Adams. v. Apker,* 148 Fed. Appx. 93, 95 (3d Cir.2005). Thus, the Court does not have jurisdiction over his Petition which challenges his detention by ICE pending his removal proceedings as he is not in ICE custody.

Thus, if Petitioner is still not in ICE custody, which was the case when he filed his Habeas Petition, and he is presently being held in custody at SCI-Huntingdon on his York County sentence, this Court does not have jurisdiction over Petitioner's Habeas Petition. *Id*.

We will, however, recommend that the Habeas Petition be dismissed because Petitioner is clearly within the 90-day removal period in which he shall be detained without any bond hearing. Thus, regardless of whether Petitioner is now in ICE's custody or will soon be in ICE's custody once the PA Board approves his parole, Petitioner is not entitled to a bond hearing once ICE takes custody of him.

In *Akinsehinwa v. Donate*, 2008 WL 2951072, *3 (M.D. Pa.), the Court stated:

> Detention, release, and removal of aliens ordered removed is governed by § 241 of the Act, 8 U.S.C. § 1231, as amended. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.
> The removal period under section 1231 begins on the latest of (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order; and (3) if the alien is confined (except under an immigration process), the date the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B).

*See also Hossain v. Sabol*, 2010 WL 378515 (M.D. Pa.).

In this case, the latest date which would trigger the 90-day removal period is Petitioner's release from confinement on his state criminal charges, which was scheduled to be on May 20, 2010. Because Petitioner's confinement at SCI-Huntingdon this was not under an immigration process, the exceptions in the statute do not apply. Therefore, Petitioner's 90-day removal period was to begin on or about May 20, 2010, and it will last until on or about August 20, 2010. *See Leslie v. Attorney General of U.S.,* 2010 WL 381609, *2 (M.D. Pa.).

At the conclusion of the 90-day removal period, Petitioner may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6). Thus, petitioner is not entitled to a bond hearing when he is released on parole from his

state sentence into ICE's custody.

In *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the United States Supreme Court addressed the issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id* . at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 2503. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." *Id.* at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following the Supreme Court's decision in *Zadvydas,* regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii).

Our Petitioner's 90-day removal period has either just begun, if Petitioner is correct, or has not yet started if he is still in custody at SCI-Huntingdon on his state sentence. Under either situation, Petitioner's Habeas Petition is subject to dismissal.

**V. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Crisostomos' Habeas Petition (Doc. 1) be dismissed. It is also recommended that Petitioner's Petitioner's Petition for a Writ of *Ne Exeat* (Motion for Stay of Removal) (Doc. 9) be denied.

<u>s/ Thomas M. Blewitt</u>

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 4, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Pedro Crisostomos,** | : | **CIVIL ACTION NO. 1:CV-10-0789** |
| **Petitioner,** | : | **(Judge Conner)** |
| v. | : | **(Magistrate Judge Blewitt)** |
| **Homeland Security Agency, et al.,** | : | |
| **Respondents.** | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June** 4**, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

              **s/ Thomas M. Blewitt**
              **THOMAS M. BLEWITT**
              **United States Magistrate Judge**

**Dated: June 4, 2010**