# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PEDRO A. CRISOSTOMOS,** : | CIVIL ACTION NO. 1:10-CV-0789 |
| Petitioner : | (Judge Conner) |
| v. : | |
| **HOMELAND SECURITY** : | |
| **AGENCY,** *et al.*, : | |
| Respondents : | |

## ORDER

AND NOW, this 14th day of July, 2010, upon consideration of the report of the magistrate judge (Doc. 10), recommending that the petition (Doc. 1) for writ of habeas corpus, filed by petitioner Pedro A. Crisostomos ("Crisostomos") pursuant to 28 U.S.C. § 2241, be dismissed because Crisostomos' detention is within the 90-day removal period set forth in 8 U.S.C. § 1231,[1] and recommending that the

---

[1] Respondents Homeland Security Agency, Immigration and Customs Enforcement, and the United States Attorney General (collectively "respondents") move for dismissal of Crisostomos' petition on three grounds: (1) Crisostomos failed to name the proper respondent since he was under the custody of the state at the time he filed his petition and, therefore, should have named a state official, (see Doc. 10 at 4); (2) Crisostomos is still serving his state sentence and has not been paroled; hence, his argument that he is being held illegally by Immigration and Customs Enforcement ("ICE") is not supported by the facts, (see Doc. 10 at 4); and, (3) following Crisostomos' parole, ICE has a 90-day removal period, in which they shall detain him pending removal, (see Doc. 10 at 5). The magistrate judge recommended dismissal on the basis of the third argument.

petition (Doc. 9) for writ of *ne exeat* filed by Crisostomos be denied,[2] and upon

---

[2] The purpose of a writ of *ne exeat*, commonly used in child custody disputes, is to prevent a person from leaving the jurisdiction of the court. See Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008) (referencing a *ne exeat* order as forbidding a mother from removing her child from the jurisdiction of the court); see also Abbott v. Abbott, --- U.S. ---, 130 S. Ct. 1983, 1987 (2010) (defining a right of *ne exeat* as the authority of a parent to consent before the other parent may take their child to another country); Carrascosa v. McGuire, 520 F.3d 249, 256 (3d Cir. 2008) (comparing a Parenting Agreement provision prohibiting either parent from traveling outside the United States to a "*ne exeat* clause"). Crisostomos filed a petition for a writ of *ne exeat* but he is requesting a stay of removal proceedings. The court therefore construes the petition for writ of *ne exeat* as a motion to stay removal and shall deny the motion as so construed.

The standard of review for assessing a motion to stay removal in the Third Circuit is the four-part preliminary injunction standard.

> A petitioner requesting a stay of removal must demonstrate: (1) likelihood of success on the merits of the underlying petition; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest.

Douglas v. Ashcroft, 374 F.3d 230, 233 (3d Cir. 2004). Crisostomos has not offered any persuasive reason, nor is the court aware of any reason, why Crisostomos' petition meets this standard.

Crisostomos also obliquely references the recent Supreme Court decision in Padilla v. Kentucky, --- U.S. ---, 130 S. Ct. 1473 (2010). The Padilla decision is inapposite to the matter presented herein. Rather, Padilla held that an attorney's failure to warn his client that a guilty plea carries the risk of deportation is sufficient to satisfy the first part of the Strickland standard for ineffective assistance of counsel. Padilla, 130 S. Ct. at 1486.

further consideration of the objections (Doc. 12) to the report filed by Crisostomos,[3] and, following an independent review of the record, it appearing that Crisostomos' detention is within the 90-day removal period set forth in § 1231,[4] in which it is statutorily required that he be detained, it is hereby ORDERED that:

1. The report and recommendation (Doc. 10) of the magistrate judge is ADOPTED.

2. The petition (Doc. 1) for writ of habeas corpus is DISMISSED.

3. The petition (Doc. 9) for writ of *ne exeat* is DENIED.

---

[3] Crisostomos' objections are as follows: He asserts that he entered the country legally, but even if true, this is of no legal consequence to the instant petition. He never adjusted his status to become a United States citizen, (see Doc. 10 at 1), and is therefore an alien, as defined in 8 U.S.C. § 1101, and subject to removal proceedings under 8 U.S.C. § 1227. Crisostomos also claims that he is not a security or flight risk and that he is being held in violation of 8 U.S.C. § 1231. However, Crisostomos is within the 90-day removal period set forth in § 1231(a)(1) that requires he be detained for that period while awaiting removal. (See Doc. 10 at 5.) Crisostomos further claims that his petition for writ of *ne exeat* (or motion for stay of removal, as construed) must be completely litigated before he can be removed from the United States. However, the standard of review for a motion to stay removal actually requires that a court make a determination on the merits of the motion using the four-part test identified above. See supra note 2. Thus, Crisostomos' objections have no merit.

[4] The identity of Crisostomos' current custodian is less than clear. Crisostomos was scheduled to be paroled from state incarceration to an ICE detainer on or after May 20, 2010. (See Doc. 1, Ex., Notice of Board Decision.) On June 1, 2010, the office of the magistrate judge contacted the prison and was advised that Crisostomos is still in custody serving his state sentence. (See Doc. 10 at 3 n.4.) Thus, the court is uncertain whether ICE officials have assumed jurisdiction over Crisostomos. Even if the court grants Crisostomos the benefit of the doubt and treats his parole as occurring on June 1, 2010, he is nonetheless within the 90-day mandatory detention period, as well as the (six month) presumptively reasonable period of detention for removable aliens, see Zadvydas v. Davis, 533 U.S. 678, 701 (2001). If Crisostomos is still in state custody, however, and wishes to challenge his detention, he must first seek relief from the state and, when he has exhausted his state remedies, he may file a petition under 28 U.S.C. § 2254.

4. The Clerk of Court is directed to CLOSE this case.

                                            <u>S/ Christopher C. Conner</u>
                                            CHRISTOPHER C. CONNER
                                            United States District Judge